**SO ORDERED.**

**SIGNED this 27 day of December, 2010.**

**Randy D. Doub**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

**IN RE:**

**SUMMER B. KINNEY,**

**DEBTOR**

**CHAPTER 13**
**CASE NO. 10-06411-8-RDD**

**ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN**

Pending before the Court is the Minutes of 341 Meeting and Motion for Confirmation of Chapter 13 Plan filed on October 25, 2010 by the Chapter 13 trustee (the "Confirmation Motion") and the Objection to Confirmation of Plan and Request for Hearing filed on October 25, 2010 by the North Carolina State Education Assistance Authority ("NCSEAA") represented by the Attorney General for the State of North Carolina (the "Objection"). The Court conducted a hearing in Greenville, North Carolina on November 17, 2010 to consider the Confirmation Motion and the Objection.

Summer B. Kinney (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 11, 2010. On that same day, the Debtor filed her Chapter 13 plan (the "Original Plan"). Section 13, Subsection E of the Original Plan provides:

> This plan proposes to treat the College Foundation student loans as unsecured debt pursuant to the United Student Aid Funds v Espinosa 559 U.S. ___ (2010) and if the plan is confirmed and the treatment of these student loans are not objected to will be discharged upon completion of this Chapter 13 plan [*sic*]. The amount to be paid in

> this plan is different than the amount owed to the College Foundation and a creditors rights may be impaired by this plan [*sic*].

(herein referred to as the "Student Loan Provision").[1] Subsequently, after the Chapter 13 trustee concluded the Section 341 Meeting of Creditors, the Confirmation Motion was filed. The Chapter 13 plan attached to the Confirmation Motion is substantially similar to that contained in the Original Plan, including the Student Loan Provision.

Based on the Objection, NCSEAA is the guaranty agency for the Federal Family Educational Loan Program in North Carolina which acquired the debt from the College Foundation, Inc. Pursuant to federal regulation, NCSEAA has the responsibility of representing the federal government in connection with this student loan obligation.

NCSEAA filed a proof of claim on October 21, 2010 in the amount of $27,563.61. No objection has been filed to the proof of claim. Furthermore, the Debtor has not filed an adversary proceeding to determine the dischargeability of the student loan indebtedness.

At the hearing, counsel for the Debtor stated that an adversary proceeding is typically required to seek a discharge of student loan obligations. However, because the Supreme Court upheld the discharge of a student loan obligation pursuant to a plan provision without an adversary proceeding to litigate the issue of an undue hardship of such loans on the debtor or the debtor's dependents in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. ___, 130 S. Ct. 1367 (2010), counsel asserted that in order to zealously represent his client, he is obligated to include the Student Loan Provision as part of the Debtor's Chapter 13 plan.

---

[1]The Bankruptcy Court has jurisdiction over student loan dischargeability. <u>See</u> 11 U.S.C.§§ 523(a)(8) and 1328.

NCSEAA disagrees with counsel for the Debtor and argues that, in fact, the *Espinosa* opinion raises a question of whether counsel or debtors are acting in good faith when they attempt to discharge student loan obligations based upon a declaratory statement included in a Chapter 13 plan as opposed to filing an adversary proceeding.

The Chapter 13 trustee recognizes the Student Loan Provision was included as part of the proposed Chapter 13 plan and that it was included in the Confirmation Motion. Upon further consideration, the Chapter 13 trustee represented at the hearing that he was willing to file an Amended Motion of Confirmation without including the Student Loan Provision. However, counsel for the Debtor and counsel for NCSEAA requested that the Court rule on the Confirmation Motion and the Objection for the Court to give direction on what would be the proper procedure in the Eastern District of North Carolina.

**DISCUSSION**

Pursuant to Sections 523(a)(8) and 1328 of the Bankruptcy Code, a debtor may only obtain a discharge of government funded student loans if such obligations impose an undue hardship on the debtor or the debtor's dependents. Federal Rule of Bankruptcy Procedure 7001(6) provides that debtors must bring an adversary proceeding to determine the dischargeability of a debt. In an adversary proceeding, the debtor has the burden of proof to show that repayment of a student loan obligation would be an undue hardship. *Banks v. Sallie Mae Servicing Corp.*, 299 F.3d 296 (4th Cir. 2002). Furthermore, an adversary proceeding requires the service of a summons and the complaint on the student loan creditor whose claim the debtor seeks to discharge. See *Federal Rules of Bankruptcy Procedure* 7003 and 7004.

Notwithstanding the requirement that an adversary proceeding be commenced in order to discharge student loan debt, cases surfaced where counsel included provisions, such as the Student Loan Provision,[2] seeking to discharge student loan obligations or interest in their Chapter 13 plans and upon the completion of a Chapter 13 plan, the discharge was allowed. *Andersen v. UNIPAC-NECHLP (In re Andersen)*, 179 F.3d 1253 (10th Cir. 1999), *overruled by Educ. Credit Mgmt. Corp. v. Mersmann (In re Mersmann)*, 505 F.3d 1033 (10th Cir. 2007); *In re Pardee*, 193 F.3d 1083, 1087 (9th Cir. 1999). However, the Fourth, Sixth, and Seventh Circuits found that a discharge by declaration provision does not discharge student loan obligations. *Educ. Credit Mgmt. Corp. v. Mersmann (In re Mersmann)*, 505 F.3d 1033, 1046 (10th Cir. 2007) (citing *Banks v. Sallie Mae Servicing Corp. (In re Banks)*, 299 F.3d 296 (4th Cir. 2002); *Ruehle v. Educ. Credit Mgmt. Corp. (In re Ruehle)*, 412 F.3d 679 (6th Cir. 2005); *In re Hanson*, 397 F.3d 482 (7th Cir. 2005)). See also *Whelton v. Edu. Credit Mgmt. Corp.*, 432 F.3d 150 (2d Cir. 2005).

In an effort to resolve the split developing between the circuits, the United States Supreme Court considered whether student loan debt could be discharged upon inclusion of a declaration provision in a Chapter 13 plan. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. ___, 130 S. Ct. 1367 (2010). More specifically, the Supreme Court was asked to considered the validity of a confirmation order that included a provision which permitted the discharge of the interest portion of the debtor's student loans. *Espinosa*, 130 S. Ct. 1367.

In *Espinosa*, the debtor proposed a Chapter 13 plan that provided payment to United Student Aid Funds, Inc. ("United") of only the principal amount due in connection with the debtor's student

---

[2]The Student Loan Provision set forth above has also been referred to as a discharge by declaration provision.

loan obligations. *Id.* at 1374. Mr. Espinosa proposed to discharge the accrued interest upon the completion of his Chapter 13 plan. *Id.* The parties did not dispute that United received notice of the plan. *Id.* However, United failed to file an objection. *Id.* Without objection, the Bankruptcy Court confirmed the Chapter 13 plan. *Id.*

Subsequent to entry of the confirmation order, the Chapter 13 trustee sent United notice that its claim was provided for in the Chapter 13 plan for an amount that was less than the full amount of its claim. *Id.* The notice provided that payments would be made pursuant to the terms of the Chapter 13 plan. *Id.* United did not object to the payment of the reduced amount and received payments towards its principal balance through the Chapter 13 plan. *Id.*

After Mr. Espinosa completed his Chapter 13 payments, he received his discharge, including a discharge of the student loan interest. *Id.* Several years later, the United States Department of Education ("USDOE") contacted Mr. Espinosa regarding payment of his student loan interest. Espinosa filed a motion requesting that the USDOE cease all collection efforts based on the 1997 order granting his discharge.[3] *Id.* United opposed the motion and requested that the court set aside as void the 1993 confirmation order. *Id.*

United challenged the validity of the confirmation order on the basis that allowing the discharge of the student loan interest without a finding of undue hardship was improper. *Id.* at 1374-75. United also argued that its due process rights were violated without service of process through an adversary proceeding. *Id.*

---

[3]United assigned Espinosa's student loans to the USDOE upon completion of his payments under the Chapter 13 plan. Upon commencement of these proceedings, United recalled the loans from USDOE and, therefore, was a proper party.

The Supreme Court acknowledged that Section 523(a)(8) requires a bankruptcy court to make a finding of undue hardship in order to allow the discharge of student loan debt. *Id.* at 1377-78 (citations omitted). However, the failure to make such a finding of undue hardship is not a limitation on a bankruptcy court's jurisdiction. *Id.* at 1377-78 (citations omitted); see also *In re Wright*, 2010 Bankr. LEXIS 3076 * 5 (Bankr. S.D. Ind. 2010). Furthermore, the Supreme Court went on to note that the Federal Rules of Bankruptcy Procedure, which require the filing of an adversary proceeding in school loan dischargeability actions, is not a jurisdictional limitation. *Espinosa*, 130 S. Ct. at 1378 (citations omitted); see also *In re Wright*, 2010 Bankr. LEXIS 3076 * 5 (Bankr. S.D. Ind. 2010). As a result, the Supreme Court determined that there was no jurisdictional error as the bankruptcy court has the jurisdiction to determine issues in bankruptcy related matters. *Espinosa*, 130 S. Ct. at 1378.

United also challenged the validity of the confirmation order under Federal Rule of Civil Procedure 60(b)(4).[4] *Id.* United alleged that the confirmation order was void since discharging a student loan debt without an undue hardship finding is "doubly beyond the court's authority." *Espinosa*, 130 S. Ct. at 1378-79. However, the Supreme Court disagreed.

The Supreme Court noted that Federal Rule of Civil Procedure 60(b)(4), which allows an order or judgment to be set aside if such order is void, made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, does not replace an appeal or the appeals process. *Espinosa*, 130 S. Ct. at 1379. During the appeals process, an order of a lower court may be voidable if such order is premised on the incorrect interpretation of a statute or violates a section of the

---

[4]Federal Rule of Civil Procedure 60(b)(4) provides relief from a final judgment, order, or proceeding if the judgment, order, or proceeding is void.

Bankruptcy Code. Rule 60(b)(4) is not designed to allow a court to reconsider the voidable orders. Parties and litigants have sufficient appellate remedies to rectify these orders should they elect to do so. Instead, Rule 60(b)(4) should be applied in circumstances where the order is void. *Espinosa*, 130 S. Ct. at 1379. For example, an order may be void when the "judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 1377 (citations omitted). The Supreme Court held that the confirmation order including the discharge by declaration provision was not the type of order that is void under Rule 60(b)(4). The Supreme Court was not persuaded that the "failure to find undue hardship in accordance with § 523(a)(8) is on par with the jurisdictional and notice failings that define void judgments that qualify for relief under Rule 60(b)(4)." *Espinosa*, 130 S. Ct. at 1379.

Citing its previous opinion in *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004),[5] the Supreme Court stated that "§ 523(a)(8) does not limit the bankruptcy court's jurisdiction over student loan debts." *Espinosa*, 130 S. Ct. at 1379. The Court went on to say that section 523(a)(8) does not impose any "requirements that, if violated, would result in a denial of due process[,]" thus making the order void. *Espinosa*, 130 S. Ct. at 1379. In fact,

> [g]iven the Code's clear and self-executing requirement for an undue hardship determination, the Bankruptcy Court's failure to find undue hardship before confirming Espinosa's plan was a legal error. . . . But the order remains enforceable and binding on United because United had notice of the error and failed to object or timely appeal.

*Espinosa*, 130 S. Ct. at 1380.

---

[5]The Supreme Court held in *Hood* that § 523(a)(8) is self-executing and requires an undue hardship finding by a court, even if a creditor does not object. *Espinosa*, 130 S. Ct. at 1379 (citing *Hood*, 541 U.S. at 450).

Therefore, the Supreme Court determined that the failure of the Bankruptcy Court to make an undue hardship determination in this case did not render the confirmation order void for the purposes of Rule 60(b)(4). Id. United received notice of the treatment of its claim under the Espinosa plan and its due process rights were not violated by having received such notice. *Id.* The entry of the confirmation order with the discharge by declaration provision may have been voidable based on legal error but is not void.

Even though the Supreme Court did not invalidate the confirmation order that allowed the discharge of the student loan obligation in *Espinosa*, the Court's written opinion makes clear that a plan which proposes to discharge student loan obligations without an undue hardship determination violates §§ 1328(a)(2) and 523(a)(8). *Espinosa*, 130 S. Ct. at1380. A debtor's "[f]ailure to comply with this self-executing requirement should prevent confirmation of the plan even if the creditor fails to object, or to appear in the proceeding at all." *Id.* (citations omitted). Section 1325(a) directs the bankruptcy court to confirm only plans that comply with the provisions of the Bankruptcy Code. *Id.* at 1381. (citations omitted). Therefore, the Bankruptcy Code makes clear "that bankruptcy courts have the authority -- indeed, the obligation -- to direct a debtor to conform his plan to the requirements of §§ 1328(a)(2) and 523(a)(8)." *Id.*

The Supreme Court cautioned debtors and attorneys who may attempt to circumvent the Bankruptcy Code and the Federal Rules by filing Chapter 13 plans that propose to discharge student loans without obtaining an undue hardship finding that could find their way to confirmation without objection by the creditor or review and hearing by the Court, that such actions could be the basis for penalties for "engaging in improper conduct in bankruptcy proceedings." *Id*. at 1382 (citations omitted). The possibility for such penalties should deter debtors and attorneys from "bad-faith

attempts to discharge student loan debt without the undue hardship finding Congress required." *Id.* at 1382. The Supreme Court went on to note that "to the extent existing sanctions prove inadequate to this task, Congress may enact additional provisions..." *Id.* See also *Wright*, 2010 Bankr. LEXIS 3076 * 7 (Bankr. S.D. Ind.) (stating "[d]ebtors' counsel and the consumer bar are well advised to take heed of this language and to exercise more care in how they treat student loans within Chapter 13 plans; otherwise, they could, and probably should, be looking down the barrel of a Rule 9011 motion for sanctions.")

Therefore, the attempt of the Debtor to discharge her student loan obligations through her Chapter 13 plan without a finding of undue hardship is improper and fails to comply with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the dicta of the Supreme Court. Therefore, the Confirmation Motion is **DENIED** with leave to amend.

Counsel, debtors, Chapter 13 trustees, and creditors are cautioned that the inclusion of student loan discharge provisions as part of a Chapter 13 plan without filing an adversary proceeding as required by 11 U.S.C. § 523(a)(8), 11 U.S.C. § 1328(a)(2), and Federal Rule of Bankruptcy Procedure 7001(6) and without consideration of whether facts exist to support a finding of undue hardship, will not be allowed by this Court.

**SO ORDERED.**

**END OF DOCUMENT**